AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of Nebraska

**SEALED**

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

Two cellular phones: 1) Apple iPhone: Model A1660 FCC ID: BCG-E3O85A IC: 579C-E3O85A; and 2) Apple iPhone: Model unable to be identified, black in color, cracked glass on front and back that are currently secured at the Nebraska State Patrol Temporary Evidence Storage located at 4411 S 108th St. Omaha, NE 68137

See Attachment A

)
)
)
)
)
)

Case No.  8:21MJ472

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Two cellular phones: 1) Apple iPhone: Model A1660 FCC ID: BCG-E3O85A IC: 579C-E3O85A; and 2) Apple iPhone: Model unable to be identified, black in color, cracked glass on front and back that are currently secured at the Nebraska State Patrol Temporary Evidence Storage located at 4411 S 108th St. Omaha, NE 68137

See Attachment A

located in the _____ District of _____ Nebraska _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Distribution and possession with intent to distribute a controlled substance |
| 21 U.S.C. § 846 | Conspiracy to distribute and possess with the intent to distribute a controlled substance |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

☐ Sworn to before me and signed in my presence.

Brenna L. Dworek, SA, DEA
*Printed name and title*

☑ Sworn to before me by telephone or other reliable electronic means.

Date: 9/8/2021

*Judge's signature*

City and state:  Omaha, Nebraska

MICHAEL D. NELSON, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF TWO CELLULAR PHONES: 1) APPLE IPHONE: MODEL A1660 FCC ID: BCG-E3O85A IC: 579C-E3O85A; AND 2) APPLE IPHONE: MODEL UNABLE TO BE IDENTIFIED, BLACK IN COLOR, CRACKED GLASS ON FRONT AND BACK | Case No. 8:21MJ472 |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Brenna L. Dworek, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.      I have been a Special Agent with the Drug Enforcement Administration (DEA) since completion of the DEA Basic Agent Training Academy, located in Quantico, Virginia, in May of 2021.  During the Academy, I received instruction in the investigation of narcotic offenses, Federal Law, report writing, handling confidential sources, drug identification, surveillance, undercover operations, defensive tactics, and firearms training.  I am currently assigned to the Omaha Field Division located in Omaha, NE and have been since August 1, 2021.  Prior to my current assignment, I was assigned to a Temporary Duty Location of Pittsburgh District Office located in McKees Rocks, Pennsylvania.  At the Omaha DO, I work with members from the United States Border Patrol, Iowa Division of Narcotics Enforcement,

1

Nebraska State Patrol (NSP), Omaha Police Department, Council Bluffs Police Department, Douglas County Sheriff Department, Plattsmouth Police Department, and others.

3.      During my time at the training academy with the DEA, I participated in numerous narcotics investigation trainings, execution of practical search/arrest warrants, practical interviews, and studies involving the review of records that indicated drug trafficking and money laundering.  After completion of the DEA Academy, I have been involved with investigations of imported and distributed illicit drugs, the method of payment for those drugs, the various ways the money is laundered or transported back to the source of those drugs, and efforts of the persons involved in such activities to avoid detection by law enforcement.

4.      I have observed Search Warrants that have been conducted on electronic devices seized as part of drug investigations and have observed the assistance from other agencies in executing those warrants.

5.      This affidavit is offered in support of a request for authorization to search two cellular phones seized on August 20, 2021, one from Ivan E. AVALOS ESPINOZA ("ESPINOZA"), and another located on the kitchen counter of the residence he was located in and based upon probable cause that evidence of violations of federal law will be located on the two cellular phones.  Affiant has probable cause to believe that the two cellular phones to be searched, as described further in Attachment A, contain evidence, as described in Attachment B, of violations of federal law, including 21 U.S.C. § 841 (distribution and possession with intent to distribute a controlled substance), and 21 U.S.C. § 846 (conspiracy to distribute and possess with the intent to distribute a controlled substance).

6.      The information contained in this affidavit has been made known to me through my personal investigation in this matter or has been relayed to me by other agents/officers of the Drug Enforcement Administration (DEA) and the Nebraska State Patrol (NSP).

7.      This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE PROPERTY TO BE EXAMINED

8.      The property to be searched:

a.   One (1) Apple iPhone: Model A1660 FCC ID: BCG-E3O85A IC: 579C-E3O85A (hereinafter referred to as, "Cellular Phone 1"); and

b.   One (1) Apple iPhone: Model unable to be identified. Black in color, cracked glass on front and back (hereinafter referred to as, "Cellular Phone 2").

Cellular Phone 1 and Cellular Phone 2, as further described in Attachment A, shall collectively be referred to as, "the Devices."  The Devices are currently secured at the NSP Temporary Evidence Storage located at 4411 S 108th St. Omaha, NE 68137.

9.      The applied-for warrant would authorize the forensic examination of the Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

10.      On August 20, 2021, members from the DEA Task Force Group 2 were conducting surveillance at 2536 Edward Babe Gomez Ave, Omaha, NE 68107 when Task Force Officer (TFO) Brian Miller observed a package with indicators of drug trafficking destined for 2559 Camden Ave., Omaha, NE 68111-1759, hereafter referred to as the "TARGET RESIDENCE".  TFO Nicholas Jaworski applied for and was granted a State of Nebraska Search Warrant for the package.  On that same date, TFO Miller executed the Search Warrant of the

3

package and seized approximately 4,097 grams of a crystalline-like substance from the package. Contents from the package later presumptively tested positive for methamphetamine.  On the same date, TFO Jaworski applied for and was granted a State of Nebraska Anticipatory Search Warrant for TARGET RESIDENCE.

11.     On August 20, 2021, members from the DEA Task Force Group 2 removed all but approximately 454 grams of methamphetamine from the package in an attempt to conduct a controlled delivery.  On that same date at approximately 10:55 AM, a member from the DEA Task Force Group 2, working in an undercover capacity, drove to the TARGET RESIDENCE and knocked at the door with negative results.  At that time, the package was placed at the entrance gate of the TARGET RESIDENCE with constant visual surveillance.  At approximately 11:10 AM, DEA SA Chris Iten observed a male subject coming from the TARGET RESIDENCE. The male was later identified as Ivan E. AVALOS ESPINOZA (who was previously identified in this affidavit as and referred to as, ESPINOZA). SA Iten observed ESPINOZA obtain the parcel and enter back inside the TARGET RESIDENCE. At that time, surveillance units along with members of the DEA approached the TARGET RESIDENCE and executed the anticipatory search warrant on the TARGET RESIDENCE.  The Devices were seized during execution of search warrant. Cellular Phone 2 was located in the pocket of ESPINOZA and Cellular Phone 1 was located on the kitchen counter.  Affiant knows based on training and experience, that the quantities of methamphetamine that was located in the package when it was originally seized from UPS (approximately 4,097 grams), and the quantity that was delivered to the TARGET RESIDENCE as part of the controlled delivery (approximately 454 grams) is consistent with a distribution amount and not consistent with a user amount of methamphetamine.  The package that was seized by DEA containing the methamphetamine was

4

addressed to an individual other than ESPINOZA.  There were utilities associated with the TARGET RESIDENCE under a female's name who was not ESPINOZA.

12.     At approximately 11:10 AM, SA Iten read ESPINOZA his *Miranda Rights,* at which time ESPINOZA refused to speak with law enforcement. ESPINOZA was later transported from the scene to Omaha correctional facility and booked in for narcotic violations.

13.     The Devices are currently in the lawful possession of the NSP located at 4411 S 108th St. Omaha, NE 68137. It came into the NSP's possession following the arrest of ESPINOZA and the search of the TARGET RESIDENCE. Therefore, while the NSP might already have all necessary authority to examine the Devices, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Devices will comply with the Fourth Amendment and other applicable laws.

14.     The Devices are currently in storage at the NSP Temporary Evidence Storage.  In my training and experience, I know that the Devices have been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of the NSP.  However, if accessible, the Devices airplane mode was activated in an attempt to stop a co-conspirator from remotely erasing the data and to preserve potential evidence.

15.     Based upon my training and experience of other coworkers, I know that drug traffickers commonly possess and use digital devices such as cellular telephones, which are similar in nature to the Devices, in connection with their drug trafficking activities.  These devices typically store relevant information concerning their drug activities and drug associates including addresses and telephone numbers, text messages, multi-media messages, the times and

dates of incoming and outgoing calls and messages, and electronic files such as photographs, and videos.

16.     I know from my training and experience that members of Drug Trafficking Organizations (DTO) commonly communicate with cellular telephones, to include text messaging and multi-media messaging.  I also know that members of DTO's commonly store phone numbers for their drug suppliers, co-conspirators and customers in their cell phones. The numbers stored in the target telephones and phone logs could have significance to ongoing narcotics investigations, as well as possible connections to potential targets in this case.

## TECHNICAL TERMS

17.     Based on my training and experience, I use the following technical terms to convey the following meanings:

        a.     Wireless telephone:  A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals.  These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones.  A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones

may also include global positioning system ("GPS") technology for determining the location of the device.

b.     Digital camera:  A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film.  Digital cameras use a variety of fixed and removable storage media to store their recorded images.  Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader.  Removable storage media include various types of flash memory cards or miniature hard drives.  Most digital cameras also include a screen for viewing the stored images.  This storage media can contain any digital data, including data unrelated to photographs or videos.

c.     Portable media player:  A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files.  However, a portable media player can also store other digital data.  Some portable media players can use removable storage media.  Removable storage media include various types of flash memory cards or miniature hard drives.  This removable storage media can also store any digital data.  Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d.     GPS:  A GPS navigation device uses the Global Positioning System to display its current location.  It often contains records the locations where it has been.  Some GPS navigation devices can give a user driving or walking directions to another location.  These devices can contain records of the addresses or locations involved in such navigation.  The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites

7

orbiting the Earth.  Each satellite contains an extremely accurate clock.  Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers.  These signals are sent by radio, using specifications that are publicly available.  A GPS antenna on Earth can receive those signals.  When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

   e. PDA:  A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail.  PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

  18. Based on my training and experience, devices similar in nature to the Devices have capabilities that allow them to serve as wireless telephones, digital cameras, portable media players, GPS Navigation Devices, and PDA's.   In my training and experience, examining data stored on devices, similar in nature to the Devices can uncover, among other things, evidence that reveals or suggests who possessed or used the devices.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

19.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.  Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensics tools.

20.     *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of its use, who used it, and when.  There is probable cause to believe that this forensic electronic evidence might be on the Devices because:

a.     Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b.     Forensic evidence on devices similar in nature to the Devices can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.     A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.     The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other

9

information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.      Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

21.    *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Devices consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

22.    *Manner of execution.*  Because this warrant seeks only permission to examine the Devices which are already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.  Your affiant is aware that recovery of data by a computer forensic analyst takes significant time; much the way recovery of narcotics must later be forensically evaluated in a lab, computer, computer equipment, cellular phones or digital media will also undergo a similar process.  For this reason, the "return" inventory will only contain a list of the Devices unless otherwise ordered by the Court, the return will not include evidence later examined by a forensic analyst.

## CONCLUSION

23.     I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B.

## REQUEST FOR SEALING

24.     It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and search warrant.  I believe that sealing this document is necessary because the warrant is relevant to an ongoing investigation into the criminal organizations as not all of the targets of this investigation will be searched at this time.  Based upon my training and experience, I have learned that, online criminals actively search for criminal affidavits and search warrants via the internet, and disseminate them to other online criminals as they deem appropriate, i.e., post them publicly online through the carding forums.  Premature disclosure of the contents of this affidavit and related documents may have a significant and negative impact on the continuing investigation and may severely jeopardize its effectiveness.

Respectfully submitted,

Brenna L. Dworek
Special Agent
Drug Enforcement Administration

Sworn to before me by telephone or other reliable electronic means:

Date:  September 8, 2021

City and State: Omaha, Nebraska

Michael D. Nelson, U.S. Magistrate Judge

11

## ATTACHMENT A

### The property to be searched:

1.      One (1) Apple iPhone: Model A1660 FCC ID: BCG-E3O85A IC: 579C-E3O85A (hereinafter referred to as, "Cellular Phone 1"); and

2.      One (1) Apple iPhone: Model unable to be identified. Black in color, cracked glass on front and back (hereinafter referred to as, "Cellular Phone 2").

Cellular Phone 1 and Cellular Phone 2, as further described in Attachment A, shall collectively be referred to as, "the Devices."  The Devices are currently secured at the Nebraska State Patrol Temporary Evidence Storage located at 4411 S 108th St. Omaha, NE 68137.

A photograph of Cellular Phone 1 and Cellular Phone 2 is shown below:




Cellular Phone 1 (Front and Back)



Cellular Phone 2 (Front and Back)

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.      All records on the Devices, as described in Attachment A, that relate to violations of federal law, including 21 U.S.C. § 841 (distribution and possession with intent to distribute a controlled substance), and 21 U.S.C. § 846 (conspiracy to distribute and possess with the intent to distribute a controlled substance), and involve Ivan E. AVALOS ESPINOZA ("ESPINOZA"), including:

        a.      lists of customers and related identifying information;

        b.      types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

        c.      any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

        d.      any information recording ESPINOZA's schedule or travel;

        e.      any information related to the manufacturing of controlled substances including lab equipment, formulas, invoices, or notes;

        f.      all bank records, checks, credit card bills, account information, and other financial records.

2.      Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.      Records evidencing the use of the Internet:

        a.      records of Internet Protocol addresses used;

1

b.      records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

2

AO 93  (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

District of Nebraska

**SEALED**

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | ) |
| Two cellular phones: 1) Apple iPhone: Model A1660 FCC ID: BCG-E3O85A IC: 579C-E3O85A; | ) |
| and 2) Apple iPhone: Model unable to be identified, black in color, cracked glass on front and | ) |
| back that are currently secured at the Nebraska State Patrol Temporary Evidence Storage | ) |
| located at 4411 S 108th St. Omaha, NE 68137 | ) |
| See Attachment A | ) |

Case No.    8:21MJ472

## SEARCH AND SEIZURE WARRANT

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Nebraska_____
*(identify the person or describe the property to be searched and give its location)*:

Two cellular phones: 1) Apple iPhone: Model A1660 FCC ID: BCG-E3O85A IC: 579C-E3O85A; and 2) Apple iPhone: Model unable to be identified, black in color, cracked glass on front and back that are currently secured at the Nebraska State Patrol Temporary Evidence Storage located at 4411 S 108th St. Omaha, NE 68137
See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before          September 21, 2021          *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.      ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to          MICHAEL D. NELSON          .
                                                                                            *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      9/8/2021 3:48 pm

*Judge's signature*

City and state:      Omaha, Nebraska          MICHAEL D. NELSON, U.S. Magistrate Judge
                                                                    *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>   8:21MJ472 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| Certification |
|---|
|          I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____<br><br><br>_____<br>*Executing officer's signature*<br><br>_____<br>*Printed name and title* |

## ATTACHMENT A

### The property to be searched:

1.      One (1) Apple iPhone: Model A1660 FCC ID: BCG-E3O85A IC: 579C-E3O85A

(hereinafter referred to as, "Cellular Phone 1"); and

2.      One (1) Apple iPhone: Model unable to be identified. Black in color, cracked

glass on front and back (hereinafter referred to as, "Cellular Phone 2").

Cellular Phone 1 and Cellular Phone 2, as further described in Attachment A, shall collectively

be referred to as, "the Devices."  The Devices are currently secured at the Nebraska State Patrol

Temporary Evidence Storage located at 4411 S 108th St. Omaha, NE 68137.

A photograph of Cellular Phone 1 and Cellular Phone 2 is shown below:

 



Cellular Phone 1 (Front and Back)



Cellular Phone 2 (Front and Back)

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.      All records on the Devices, as described in Attachment A, that relate to violations of federal law, including 21 U.S.C. § 841 (distribution and possession with intent to distribute a controlled substance), and 21 U.S.C. § 846 (conspiracy to distribute and possess with the intent to distribute a controlled substance), and involve Ivan E. AVALOS ESPINOZA ("ESPINOZA"), including:

      a.      lists of customers and related identifying information;

      b.      types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

      c.      any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

      d.      any information recording ESPINOZA's schedule or travel;

      e.      any information related to the manufacturing of controlled substances including lab equipment, formulas, invoices, or notes;

      f.      all bank records, checks, credit card bills, account information, and other financial records.

2.      Evidence of user attribution showing who used or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.      Records evidencing the use of the Internet:

      a.      records of Internet Protocol addresses used;

1

      b.     records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

      As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.